UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL CLYDE MORRIS, #448912,

        Plaintiff,

                                      CASE NO. 2:21-CV-10627
v.                                   HONORABLE PAUL D. BORMAN

MICHIGAN DEP'T OF CORR., et al.,

        Defendants.

_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL

**I.**    **Introduction**

This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Michael Clyde Morris ("Plaintiff"), currently confined at the Cooper Street Correctional Facility in Jackson, Michigan, asserts that he was not sufficiently protected from contracting COVID-19 while in prison, that he tested positive for the virus in December, 2020, and that he continues to suffer ill effects. In particular, Plaintiff asserts that safety precautions, such as use of masks, access to clean masks, six-feet of social distancing, and isolating COVID-positive prisoners, were not implemented and/or followed.  He names the Michigan Department of Corrections ("MDOC") Administrative Staff, MDOC Director Heidi Washington,

MDOC Deputy Director Jeremy Bush, Warden Michelle Floyd, Assistant Deputy Warden David Cliffton, and Governor Gretchen Whitmer as the defendants in this action and sues them in their individual and official capacities.  He seeks monetary damages and injunctive relief.  The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action pursuant to 28 U.S.C. § 1915(a)(1).

## II.   <u>Review Standards</u>

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well

as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).  While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions.  *Twombly*, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id*. (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v.*

3

*Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).  A plaintiff must also allege that the deprivation of rights was intentional.  *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).  A pro se civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Despite this liberal pleading standard, the Court finds that the civil rights complaint is subject to partial summary dismissal.

### III.   Discussion

#### A.    Complaint against MDOC/MDOC Administrative Staff

As an initial matter, Plaintiff's complaint against the MDOC and/or MDOC Administrative Staff must be dismissed.  Section 1983 imposes liability upon any "person" who violates an individual's federal constitutional or statutory rights.  It is well-settled that governmental departments and agencies, such as the MDOC, are not persons or legal entities subject to suit under 42 U.S.C. § 1983.  *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (discussing case law); *Rodgers v. Michigan Dep't of Corr.*, 29 F. App'x. 259, 260 (6th Cir. 2002); *see also Anderson v. Morgan Cnty. Corr. Complex*, No. 15-6344, 2016 WL 9402910, *1 (6th Cir. Sept. 21, 2016) (ruling that a state prison and its "medical staff" were not subject to suit under § 1983). Consequently, Plaintiff's complaint against the MDOC and/or MDOC Administrative Staff as an entity must be dismissed.

4

**B.     Complaint against Governor Whitmer**

Plaintiff's complaint against Governor Whitmer must also be dismissed.  It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability.  *Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Turner v. City of Taylor*, 412 F.3d 629, 643) (6th Cir. 2005) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff does not do so with respect to Governor Whitmer.  He fails to allege facts which indicate that she was personally involved in his conditions of confinement during the relevant time period or that she is responsible for MDOC or prison policies and actions.  Any assertion that she (or any of the defendants) failed to supervise an employee, should be vicariously liable for another person's conduct, and/or did not properly respond to his grievances is insufficient to state a civil rights claim.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001).  Plaintiff's complaint against Governor Whitmer must be dismissed.

**C.     Eleventh Amendment Immunity**

Additionally, the  MDOC  and/or  MDOC  Administrative  Staff,  Governor

Whitmer, and the remaining defendants, Washington, Bush, Floyd, and Cliffton, are entitled to Eleventh Amendment immunity on Plaintiff's claims against them in their official capacities.  The Eleventh Amendment to the United States Constitution bars civil rights actions against a State and its agencies and departments unless the State has waived its immunity and consented to suit or Congress has abrogated that immunity.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).  The State of Michigan has not consented to being sued in civil rights actions in the federal courts, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983.  *Quern v. Jordan*, 440 U.S. 332, 341 (1979); *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005).  Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against a State and its agencies.  *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)), but does not preclude prospective injunctive relief.  *McCormick*, 693 F.3d at 662 (citing *McKey v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000)).  Eleventh Amendment immunity also applies to state employees who are sued in their official capacities.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir.

6

2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)).

The MDOC, as an agency within the Michigan government, is entitled to Eleventh Amendment immunity. *See Harrison*, 722 F.3d at 771 (citing cases); *Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005). Governor Whitmer and the remaining defendants, Washington, Bush, Floyd, and Cliffton, who are employees of the State of Michigan and are sued (in part) in their official capacities, are also entitled to Eleventh Amendment immunity. *See Will*, 491 U.S. at 70-71; *Johnson*, 357 F.3d at 545. Plaintiff's claims for monetary damages and non-prospective injunctive relief against the defendants in their official capacities must therefore be dismissed.

### D.    COVID-19 Claims

Plaintiff's assertions concerning COVID-19 precautions and protocols and his contraction of COVID-19 while in prison state potential, plausible claims for relief under 42 U.S.C. § 1983 against the remaining defendants. Consequently, such claims against defendants Washington, Bush, Floyd, and Cliffton are not subject to summary dismissal.

## IV.    <u>Conclusion</u>

For the reasons stated, the Court concludes that the MDOC and/or MDOC Administrative Staff is not an entity subject to suit in this action, that Plaintiff fails to state a claim upon which relief may be granted against Governor Whitmer, and that

the defendants are entitled to Eleventh Amendment immunity. The Court further concludes that Plaintiff states potential claims for relief under 42 U.S.C. § 1983 against defendants Washington, Bush, Floyd, and Cliffton which survive the Court's initial screening process. Accordingly, the Court dismisses the MDOC and/or MDOC Administrative Staff and Governor Whitmer from this action and dismisses the claims for monetary damages and non-prospective injunctive relief against the defendants in their official capacities.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: April 2, 2021

8