UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL C. MORRIS,

    Plaintiff,

v.

HEIDI WASHINGTON et al.,

    Defendants.

Case No. 21-cv-10627
Honorable Shalina D. Kumar
Magistrate Judge Elizabeth A. Stafford

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NOS. 30, 34)**

    Michael C. Morris, a *pro se* prisoner, filed this action against several employees of the Michigan Department of Corrections (MDOC),[1] alleging Eighth Amendment violations and intentional infliction of emotional distress. ECF No. 1. This matter was referred for all pretrial matters to the assigned magistrate judge. ECF No. 29. The magistrate judge issued a report and recommendation (R&R) recommending that defendants' motion to dismiss (ECF No. 24) be granted. ECF No. 30. At the conclusion of the R&R, the magistrate judge notified the parties that they must file any objections to the

---

[1] MDOC itself was summarily dismissed from this action previously. ECF No. 5.

R&R within fourteen days. *Id.* Morris timely filed objections to the R&R and the MDOC defendants filed a response to Morris's objections. ECF Nos. 34, 35.

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

> Moreover, objections must be clear so that the district court can discern those issues that are dispositive and contentious. In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. And, when objections are merely perfunctory responses rehashing the same arguments set forth in the original petition, reviewing courts should review a Report and Recommendation for clear error.

*Carroll v. Lamour*, 2021 WL 1207359, at *2 (E.D. Mich. Mar. 31, 2021) (internal citations, quotations, and marks omitted).

Morris objects to the R&R, raising what he designates as three "arguments." ECF No. 34. The Court notes these objections "fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *Owens v. Comm'r of Soc. Sec.*, 2013 WL 1304470 at *3, 2013 (W.D. Mich. Mar. 28, 2013) (citations omitted). Nonetheless, the Court has reviewed the matter and agrees with the magistrate judge's recommendation to dismiss this action for failure to state a claim upon which relief may be granted.

The first argument indicates that Morris does not object to the R&R as it relates to his Eighth Amendment claims concerning the MDOC's policy regarding cloth masks. *Id*. at PageID.275. Morris next argues that naming the defendants in his grievances sufficiently establishes their requisite personal involvement for the purpose of his Section 1983 claim. *Id.* This objection merely repeats a previously advanced argument, which was

addressed and rejected by the magistrate judge in the R&R. ECF No. 30, PageID.261. The objection is without merit and is overruled.

Morris finally argues that defendants are not entitled to qualified immunity for his Eighth Amendment claims because their actions infringed on his liberty interests and freedom of speech, claims which he has not previously asserted.[2] ECF No. 34, PageID.279-281. Courts do not permit plaintiffs to raise entirely new claims via objections to an R&R. *McGlory v. Michigan Dep't of Corr.*, 2021 WL 2471068, at *4 (W.D. Mich. June 17, 2021). The objection is overruled.

The Court **OVERRULES** Morris's objections (ECF No. 34) and **ADOPTS** the magistrate judge's R&R. ECF No. 30.

Accordingly,

**IT IS ORDERED** that the defendants' motion to dismiss (ECF No. 24) is **GRANTED** and Morris's complaint (ECF No. 1) is **DISMISSED**.

---

[2] Morris requested additional time to reply to defendants' responses to his objection to the R&R and to amend his complaint. ECF No. 36. The Court denies Morris's request because replies to responses to objections are not permitted under Federal Rule of Civil Procedure 72(b). Additionally, leave to amend a complaint must be sought by motion under Federal Rule of Civil Procedure 15.

|  |  |
|---|---|
| Dated: September 28, 2022 | s/Shalina D. Kumar<br>SHALINA D. KUMAR<br>United States District Judge |